**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
　　　　　*Plaintiff-Appellee,*

v.

TIMOTHY LEOTIS MCCRAY,
　　　　　*Defendant-Appellant.*

No. 02-4663

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
Malcolm J. Howard, District Judge.
(CR-02-11)

Submitted: May 20, 2003

Decided: May 29, 2003

Before WILLIAMS and SHEDD, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

J. Michael McGuinness, THE MCGUINNESS LAW FIRM, Eliza-
bethtown, North Carolina, for Appellant. Anne Margaret Hayes,
Assistant United States Attorney, Mary Jude Darrow, OFFICE OF
THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

Timothy Leotis McCray appeals his conviction and sentence for a violation of 21 U.S.C. § 841(a)(1) (2000). McCray's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he challenges the adequacy of the Fed. R. Crim. P. 11 plea colloquy, as well as the imposition of sentence. The Government elected not to file a formal brief. Although informed of his right to file a supplemental brief, McCray has not done so. In accordance with *Anders*, we have considered the brief and examined the entire record for meritorious issues.

McCray first argues that the district court did not conduct an adequate Fed. R. Crim. P. 11 plea colloquy. Because McCray failed to object or move to withdraw his guilty plea, we review his plea hearing for plain error. *See United States v. Martinez*, 277 F.3d 517, 524-27 (4th Cir.), *cert. denied*, 123 S. Ct. 200 (2002).

The record reveals that the district court explained to McCray the charges against him, the maximum penalties therefor, the applicability of the sentencing guidelines, and the various rights he was waiving by pleading guilty. McCray acknowledged his understanding of the court's explanation, made no objection to the Government's factual basis for the plea, and stated that he was satisfied with the services of his attorney. Thus, we find that the district court conducted an adequate Rule 11 plea colloquy.

McCray's next argument, that the district court erred in the imposition of sentence is, likewise, without merit. The district court's application of the sentencing guidelines is reviewed for clear error as to factual findings; legal determinations are reviewed de novo. *See United States v. Blake*, 81 F.3d 498, 503 (4th Cir. 1996). The district

court correctly found that McCray's offense level was 34 and his criminal history category was VI, placing him in a sentencing range of 262 to 327 months imprisonment. The court then sentenced McCray to 262 months imprisonment, finding that such a sentence at the low end of the guideline range was reasonable. Thus, we find that the district court's imposition of sentence was proper.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm McCray's conviction and sentence. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*